IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

JESSICA KETTNER
2332 Julie Avenue #3
Sparta, Wisconsin 54656

    Plaintiff

v.

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY
720 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

    Defendant.

Case No. 3:25-cv-1002

Judge

## COMPLAINT

For her Complaint against the Defendant, Northwestern Mutual Life Insurance Company ("Northwestern"), Plaintiff Jessica Kettner states as follows:

1.    The Plaintiff, Jessica Kettner, was at all relevant times an employee of CW Solutions, LLC ("CWS") and a participant in the employee welfare benefit plan (the "Plan") established and maintained by CWS under the provisions of the Employee Retirement Income Security Act ("ERISA") for the purpose of paying long-term disability ("LTD") benefits.

2.    The Defendant, Northwestern, under the terms of Group Policy No. L700774 ("Policy"), is the insurer and claims administrator of the Plan, and is responsible for the adjudication of payment of the LTD benefits at issue in this case. Thus, Northwestern has a conflict of interest, and the degree to which Northwestern was influenced in protecting its own assets in the adjudication of Plaintiff's claim must be considered when determining whether its denial of benefits was proper.

1

3. Plaintiff's claims arise under ERISA. Jurisdiction is based on 29 U.S.C. § 1132.

4. The Plan is administered, in part, in this judicial district. Venue is appropriate in this Court.

5. Plaintiff was employed by CWS.

6. As an employee of CWS, Plaintiff was eligible for LTD benefits under the Plan.

7. The Plan provides long-term disability income benefits for persons who are disabled, as defined by the Plan.

8. Plaintiff became disabled under the terms of the Plan and Policy on or about August 3, 2024, and received short-term disability ("STD") benefits from Northwestern. continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

9. Following the expiration of STD benefits, Plaintiff remained disabled as defined by the Plan; accordingly, Plaintiff submitted a timely claim to Northwestern for LTD benefits.

10. Northwestern, who never performed a physical examination of Plaintiff, improperly denied Plaintiff's claim for LTD benefits on December 16, 2024. Plaintiff appealed Northwestern's decision, but Northwestern denied Plaintiff's appeal on August 29, 2025.

11. Plaintiff provided Northwestern with substantial medical evidence demonstrating Plaintiff's eligibility for LTD benefits and how Plaintiff's disabling conditions prevented her from performing the material duties of her occupation.

12. The medical evidence Plaintiff provided included definitive proof that Plaintiff suffered from a myriad of conditions that are disabling.

13. The medical evidence Plaintiff provided proved that Plaintiff was unable to work, in any capacity, due to hypersomnia, chronic fatigue, dizziness, chronic headaches and severe muscle/body aches, among other conditions.

14. Northwestern improperly and arbitrarily denied Plaintiff's claim.

15. Northwestern's decision to deny LTD benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

   a. Northwestern failed to have Plaintiff independently examined, and instead relied on the opinions of individuals who merely reviewed Plaintiff's medical records and rejected the opinions of Plaintiff's treating physicians;

   b. Northwestern relied on the opinions of individuals who were financially biased by their relationship with Northwestern and as such were unable to offer unbiased opinions;

   c. Northwestern relied on the opinions of individuals that were not supported by substantial evidence in the record and were inconsistent with the overall evidence in the record;

   d. Northwestern ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

   e. Northwestern ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

16. Northwestern abused its discretion in denying Plaintiff's claim.

17. The decision to deny benefits was wrong under the terms of the Plan.

18. The decision to deny benefits was not supported by substantial evidence in the record.

19. Northwestern's failure to provide LTD benefits due under the Plan constitutes a breach of the Plan terms and conditions.

20. Northwestern's failure to provide Plaintiff with LTD benefits has caused Plaintiff to be deprived of those benefits from August 3, 2024 to the present. Plaintiff will continue to be deprived of those benefits and accordingly will continue to suffer future damages in an amount to be determined.

21. Northwestern's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(l), Defendant should pay these costs and fees.

22. Plaintiff has exhausted her administrative remedies.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant as follows:

A. A determination that Plaintiff is disabled and entitled to LTD benefits;

B. A lump sum award of LTD benefits, calculated based upon the monthly payment to which Plaintiff is entitled, for the date benefits should have been paid until the date of judgment;

C. An order directing Defendant to pay a monthly benefit to Plaintiff commencing on the date of judgment and continuing until Plaintiff no longer satisfies the definition of disability under the Plan;

D. Prejudgment and post-judgment interest;

  E. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits, including but not limited to reinstatement of Plaintiff's life insurance coverage and a waiver of premiums;

  F. Attorney's fees and costs of this action; and

  G. Such other further relief as the Court determines to be equitable and just.

            Respectfully submitted,

            */s/ Todd A. Brenner*
            Todd A. Brenner (51839)
            **Brenner Law Offices**
            555 Metro Place North
            Suite 100
            Dublin, Ohio 43017
            Phone 614.799.2222
            Fax  614.799.2370
            *todd@brennerhubblelaw.com*